UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
THOMAS BIRYLA,

        *Plaintiff,*

   - against -

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

        *Defendant.*
-------------------------------------X

**MEMORANDUM & ORDER**

No. 24-cv-136 (KAM)

Seelig Law Offices, LLC ("Seelig" or "Counsel"), counsel to Plaintiff Thomas Biryla ("Plaintiff" or "Biryla") in this action, moves pursuant to 42 U.S.C. § 406(b) for an award of attorney's fees in the amount of $16,900. (ECF No. 14, the "Motion" or "Mot.") The Social Security Administration (the "Commissioner" or "SSA") has not responded to and thus neither supports nor opposes Seelig's motion. For the reasons set forth below, counsel's motion is **GRANTED** and Seelig is awarded $16,900.00 in attorney's fees less the $4,100.00 previously received under the Equal Access to Justice Act ("EAJA"). Seelig is directed, upon receipt of the § 406(b) fee award, to refund to Plaintiff the $4,100.00 previously awarded under the EAJA.

### BACKGROUND

Plaintiff retained Seelig to represent him at the initial administrative level in his application for SSDI Benefits. (Mot. at 1.) After Plaintiff's application for disability insurance

benefits was denied on May 28, 2021 and, upon reconsideration, denied again on July 27, 2021, Plaintiff appeared before Administrative Law Judge ("ALJ") David Tobias, who determined in a November 2, 2022 decision that Plaintiff was not entitled to benefits. (ECF No. 1, "Compl." ¶ 7, 9.) On November 9, 2023, the Appeals Council denied review of ALJ Tobias's decision, rendering it the Commissioner's final decision. (*Id.* ¶ 11.)

On November 16, 2023, Plaintiff also retained Seelig to represent Plaintiff in the instant federal court action. (ECF No. 15, "Seelig Decl.," Ex. A, the "Retainer Agreement.") Under the Retainer Agreement, Plaintiff agreed to pay Seelig 25% of all awarded retroactive or past due SSDI benefits. (*Id.* at 1.)

On January 8, 2024, Plaintiff filed this instant action. (*See* Compl.) On March 11, 2024, the Commissioner served the administrative record. (ECF No. 6.) On May 22, 2024, the parties filed a joint stipulation and proposed order remanding the matter to the SSA. (ECF No. 8.) That same day, the Court entered an Order granting the Parties' joint motion remanding the matter for further proceedings. (ECF No. 9.) On May 28, 2024, the Clerk of the Court entered Judgment, remanding the matter back to the SSA for further administrative proceedings. (ECF No. 10.) On August 14, 2024, Seelig was awarded $4,100.00 in attorney's fees under the EAJA. (ECF No. 12.)

2

Upon remand to the SSA, Mr. Biryla was approved for benefits on his application. On April 11, 2025, Seelig received the SSA's notices, dated April 8, 2025, informing Seelig that $15,962.50 in total was withheld for payment of attorney fees in connection with Plaintiff's children's benefits. (Seelig Decl. ¶¶ 4,5, Ex. B, "Children Notices," at 7, 13.) Upon receipt of the Children Notices, Seelig immediately requested a copy of the Notice of Award for Mr. Biryla because child benefits would not have been awarded unless Mr. Biryla was awarded benefits. (Seelig Decli. ¶ 6.) On April 11, 2025, Seelig received a copy of Mr. Biryla's Notice of Award, dated February 11, 2025, awarding $146,931.75 in past-due benefits for the period between February 2020 to February 2025. (Seelig Decl. ¶¶ 6, 7, Ex. C at 2.)

Seelig now seeks an order approving the payment of $16,900.00 in attorney's fees for Seelig's representation of Mr. Biryla. (Mot. at 5.) Seelig supports this motion with records showing that Seelig completed 16.9 hours of work, equaling a rate of $1,000 per hour ($16,900/16.9 hours). (Seelig Decl., Ex. D.)

**DISCUSSION**

I.    **Timeliness**

"[F]or social security cases involving a judgment that reverses the denial of benefits and remands to the SSA," motions for attorney's fees under § 406(b) must be filed within fourteen days after "the claimant receives notice of the amount of any

3

benefits award[ed]." *Rivera v. Saul*, No. 20-CV-7215 (CS), 2024 WL 4986967, at *2 (S.D.N.Y. Dec. 5, 2024) (citation modified). District courts, however, have "discretion to alter a specific filing time" as "appropriate." *Sinkler v. Berryhill*, 932 F.3d 83, 90 (2d Cir. 2019).

The Motion was filed on April 16, 2025, more than 14 days after Mr. Biryla received his February 11, 2025 Notice of Award. Upon receipt of Children Notices on April 11, 2025, Seelig immediately requested Mr. Biryla's Notice of Award because child benefit awards would not be awarded without an award to the parent, Mr. Biryla. (Seelig Decl. ¶¶ 4-7.) That same day, Seelig received a copy of Mr. Biryla's Notice of Award. (Seelig Decl. ¶ 6.) Seelig filed the instant motion five days later. The Commissioner has not opposed the Motion and thus does not argue the motion is untimely. Under these circumstances, the Court "credit[s] the reason for delay," exercises its discretion to enlarge the filing period for the Motion, and deems it timely. *Davis v. O'Malley*, No. 20-CV-6033 (VSB) (JLC), 2024 WL 3336177, at *3 (S.D.N.Y. July 9, 2024), *report and recommendation adopted*, No. 20-CV-6033 (VSB) (JLC), 2024 WL 3596885 (S.D.N.Y. July 30, 2024) (crediting attorney's reasons for almost three-month delay and deeming attorney's § 406(b) fee motion timely); *Marrero v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB)(BCM), 2022 WL 4774799, at *2 (S.D.N.Y. Oct. 3, 2022) (crediting attorney's declaration and deeming §

4

406(b) fee motion timely because attorney "promptly prepared his motion papers within one week" of receiving notice of award).

**II.   Reasonableness**

The Social Security Act, 42 U.S.C. § 423, permits district courts to authorize reasonable attorney's fees up to 25% of a claimant's past-due benefits when a claimant is successful in federal court.  *See* 42 U.S.C. § 406(b)(1)(A).  The Second Circuit has held that a court's determination of whether fees requested under § 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine the reasonableness of an attorney fee, courts will consider (1) "the character of the representation and the result the representation achieved," (2) "whether a claimant's counsel is responsible for undue delay" that increases the amount of the claimant's recovery, (3) "whether there was fraud or overreaching in the making of the contingency arrangement," and (4) whether the amount ultimately requested would result in a "windfall" for the attorney.  *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).

Here, the Court finds that the first three factors weigh in favor of granting the fee request.  Seelig seeks $16,900.00, which

5

is no more than 25% of Plaintiff's past-due benefits, after obtaining a favorable result for Plaintiff. Seelig seeks a fee that is almost $20,000 less than the 25% contingency fee of $36,732.93 agreed upon in the Retainer Agreement. Seelig was able to achieve a settlement with the SSA before further briefing was required. (ECF No. 8.) As a result of Seelig's advocacy, Plaintiff was able to obtain at least $146,931.75 in past-due benefits on remand, despite previously being denied multiple times. (Mot. at 7.) There is also no indication of either undue delay in this action or of fraud or overreach in the making of Seelig's retainer agreement with Plaintiff.

Lastly, the Court must assess whether the requested payment of $16,900.00, and a de facto hourly rate of $1,000, results in a windfall to counsel. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854. Specifically, courts must consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship" between the lawyer and claimant, "including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it

was that the case would result in an award of benefits and the effort it took to achieve the result." *Id.* at 854–55. Courts must consider "more than the *de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854.

While counsel's hourly rate may not be dispositive in ascertaining reasonableness here, other courts in this Circuit have found similar or even higher hourly rates to be reasonable in social security cases. To reflect the contingent nature of recovery, fee awards equivalent to hourly rate of $1,000 or more are common. *See Fields*, 24 F.4th at 854 (approving $1,556.98 hourly rate); *Mills v. Berryhill*, No. 15-cv-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (awarding $1,007.78 hourly rate); *Torres v. Colvin*, No. 11-cv-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *McDonald v. Comm'r of Soc. Sec.*, No. 16-cv-926 (FPG), 2019 WL 1375084, at *2-3 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64).

Upon consideration of the four windfall factors, the Court finds that Seelig's requested fee award would not result in a windfall. First, Seelig has extensive experience representing individuals in SSA litigation. Indeed, courts in this district have previously recognized Seelig's credentials and expertise. *See*

*Lopez v. O'Malley*, No. 20-cv-07912 (MKV) (SDA), 2024 WL 5405626, at *3 (S.D.N.Y. June 27, 2024), *report and recommendation adopted*, 2025 WL 487296 (S.D.N.Y. Feb. 13, 2025) (noting Mr. Seelig and Ms. Flom "clearly specialize in social security law and possess the requisite ability and expertise"). The attorney who conducted the majority of the work on this instant action, Beret L. Flom, has practiced law for over 10 years, currently focuses on Social Security cases, and has consistently achieved successful outcomes for claimants at the federal and administrative levels. (Mot. at 13; Seelig Decl. ¶¶ 11-13.) Since joining Seelig, Ms. Flom's work on Social Security federal appeals has resulted in Seelig clients obtaining remands in the vast majority of her cases. (Seelig Decl. ¶ 12.) Mr. Richard B. Seelig supervised Ms. Flom and has practiced social security/disability law for over 10 years and taught CLEs about social security disability law. (Seelig Decl. ¶ 14.)

Second, Seelig secured a successful outcome for Plaintiff and advocated on his behalf for over four years including representing Plaintiff before the agency. Seelig's 16.9 hours of work on this matter demonstrates efficiency and does not warrant a downward adjustment. *See Fields*, 24 F.4th at 854 (finding 25.8 hours to be a reasonable amount of time and it "might reasonably have taken twice as much time" for other lawyers to do the same work).

Third, there is no evidence that Plaintiff is dissatisfied with the successful results achieved. Seelig successfully

challenged the SSA's decision and secured a remand, resulting in Plaintiff receiving his past-due benefit payments.  (Mot. at 6.) Thus, this factor weighs against finding the fee to be a windfall. *See Finnegan v. Comm'r. of Soc. Sec.*, No. 21-cv-2070(PKC), 2024 WL 4494088, at *4 (E.D.N.Y. Oct. 15, 2024) ("[T]he Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary.")

Finally, with respect to the uncertainty of an award of benefits and the efforts made to achieve results factor, the Court notes that "payment for an attorney in a social security case is inevitably uncertain." *Wells*, 907 F.2d at 371.  Despite counsel's ultimate success in this case, the Court recognizes – as the Second Circuit did in *Fields* – that "[l]awyers who operate on contingency— even the very best ones—lose a significant number of their cases and receive no compensation when they do.  'In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.'"  *Fields*, 24 F.4th at 855-56 (quoting *Wells*, 907 F.2d at 371).  Thus, no downward adjustment is warranted under this factor.

Accordingly, the Court finds that Seelig's requested fee award of $16,900.00 is reasonable and in line with awards generally approved for similar work performed.  However, within five (5)

business days of receipt of his § 406(b) fee award, Seelig must return the previously received EAJA fee award of $4,100 to Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [EAJA] and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee.").

## CONCLUSION

Accordingly, Seelig's motion is **GRANTED**, and the Court approves an award of fees in the amount of $16,900.00 to be paid to Seelig pursuant to 42 U.S.C. § 406(b). Within five (5) business days of receipt of § 406(b) fees, Seelig shall remit the EAJA award of $4,100.00 to Plaintiff and shall file a declaration stating such on the docket. Seelig is also directed to serve a copy of this Order and the docket on his client, Plaintiff, and shall note proof of service on the docket no later than April 20, 2026.

**So ordered.**

Dated:     April 15, 2026
           Brooklyn, New York     **Kiyo A. Matsumoto**
                                  United States District Judge
                                  Eastern District of New York